CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANIMAL CARE CENTER OF SALEM, INC., <br> Plaintiff, <br><br> v. <br><br> SCOTT A. THOMPSON, <br> Defendants. | Civil Action No. 7:06cv00250 <br><br> **MEMORANDUM OPINION** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This matter is before the court on the motion of Animal Care Center of Salem, Inc. (ACCS), to remand the case to state court. The defendant, Scott Thompson, removed the matter to this court from the Circuit Court for the City of Salem pursuant to 28 U.S.C. § 1446, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332, which grants the court jurisdiction over a dispute between citizens of different states when the "amount in controversy . . . exceeds the sum or value of $75,000."[1] Thompson correctly noted that ACCS specifically claimed to seek damages of "not less than $75,000" in its complaint. However, ACCS's counsel claims that the *ad damnum* clause was the result of a "scrivener's error," that the clause was actually supposed to read "less than $75,000," and that upon remand he immediately would correct the *ad damnum* clause. The court had a hearing on the motion to remand on May 10, 2006, and the court credits counsel's claim of "scrivener's error," as well as his assurance that ACCS will not seek damages in excess of $75,000 in the state court. The court finds that, had counsel not made a typographical error and mistakenly included the word "not," the case would not have been removable. See, e.g., Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 45 (M.D.N.C.1997) ("[I]f a plaintiff in good faith claims specific monetary damages in the complaint, the amount claimed

---

[1] It is undisputed that, for diversity purposes, ACCS is a citizen of Virginia and Thompson is a citizen of North Carolina.

binds the defendant.") (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.")). Accordingly, the court grants the motion to remand.

**ENTER:** This 10th day of May, 2006.

_____
United States District Judge